TOWN OF MORGAN *v.* JOHN MEAD, JOSHUA FRENCH AND WARREN WATERMAN.

If an order of removal of a pauper be regularly made, persons assisting the pauper to remove voluntarily, within the time prescribed by the order, are

not liable to the penalty imposed by statute upon those who bring a poor person into a town with intent to charge such town with his support.

No omission, on the part of the town procuring the order, of subsequent proceedings rendered essential by statute, will make that a ground for imposing the penalty, which was not such at the time it was done.

ACTION ON THE CASE brought to recover the penalty imposed by statute for bringing a poor person into a town, with intent to charge such town with his support. Plea, not guilty, and trial by jury.

On trial, the plaintiff gave evidence tending to prove that the defendants, on the 10th day of September, 1840, removed one Lucia Hatch, a poor person, from the town of Holland to the town of Morgan, knowing that she was likely to become chargeable as a pauper, and with intent to charge the town of Morgan with her support; and that they did this without having any order or warrant of removal.

The defendants gave in evidence a complaint by the overseer of the poor of Holland to two justices, and an order thereon, made Sept. 9, 1840, by which the said Lucia Hatch was ordered to remove from said Holland to said Morgan on or before the 10th day of September, 1840; and also introduced evidence tending to prove that the said Lucia, being duly apprised of the making of said order, voluntarily went to said Morgan, in obedience to said order, by the aid and assistance of the defendants,—and that the rendering such aid was the act complained of by the plaintiffs. It did not appear that any warrant had been issued upon said order, or that any appeal had ever been taken from said order; and it was proved that no copy of said order had ever been served upon said town of Morgan, nor upon any of its officers.

The court charged the jury, that, if the said Lucia Hatch, after being made acquainted with the order of removal, voluntarily and of choice went from Holland to Morgan in obedience to said order, the defendants were not liable in this action for aiding and assisting her in so doing; to which charge the plaintiff excepted.

The jury returned a verdict for the defendants.

*B. H. Smalley* and *E. G. Johnson* for plaintiffs.

By the provisions of the 4th section of chapter 16 of the Revised

Statutes, when an order of removal has been made, the pauper has a right to remove without any warrant being issued upon such order. But the order neither imposes a new duty, nor gives a new right to the pauper; he had a right to remove before the order was made, and is guilty of no breach of duty, if he neglect to comply with it after it is made. By the 11th section a copy of the order of removal must be served on the town, to which the pauper is ordered to remove, within thirty days, unless the pauper is actually removed within that time. If the pauper removes himself, without a warrant, by the time limited in the order, and without any assistance from the town procuring the order, is this to be deemed a removal, within the 4th section, and such an execution of the order, that no copy of it is required to be served on the town to which the removal is ordered to be made? If it be so, then the town to which the removal is made is irrevocably fixed with the maintainance of the pauper, without any notice of the existence of the order. Such a consequence will, we apprehend, prevent the court from giving to the statute such a construction.

But though, in this case, the pauper might remove herself, either before or after the order of removal, without warrant, it does not follow that the defendants had a right to assist her, without having in their possession an order for her removal. If the statute does not intend to prohibit this, then it is, for all available purposes, a nullity; it is only necessary to make an order, and secrete it, ready to be brought forth as future contingences may require, and the defendants are justified. But the plain and natural meaning of the language used in the statute will justify no such construction; it requires that the defendants, or some one of them, should have had the order in their possession, to take with the pauper at the time of removal; and, unless they had this, it must be said that they removed the pauper without an order.

Admitting that the defendants might justify the aiding the pauper in her removal, under the order, if the order had ever been perfected by executing it under a warrant, or by serving a copy of it on the town to which the removal was made, yet, in order to such justification, they are bound to show that the order was perfected, so as to bind the town to which the pauper was removed,—which cannot be done without notice to that town.

Morgan *v.* Mead et al.

*S. B. Colby* for defendants.

The statute [Rev. St., c. 16, § 4,] settles the question arising in this case. It palpably contemplates a voluntary removal, or departure, of the pauper *in compliance* with the order. *Hartland* v. *Pomfret*, 11 Vt. 441. The right of the pauper to remove, in obedience to the order, being admitted, it is difficult to believe that the defendants are liable to the penalty claimed in this action, by force of the 25th section of the statute. The statute orders the pauper to *remove*, gives him *time* for removing, and it would be a strange inconsistency to take away all *means* of removing, by imposing a penalty of $500 upon all charities extended to the pauper, with a view to aid and further obedience to the order.

But it is said that the justices should have sent a copy of the order of removal to the defendant town. But in what way? The statute makes no provision for sending a copy with the pauper, in case of a departure within the time limited in the order; nor was it in the power of the justices to issue a warrant, until the time had expired within which the pauper was ordered to remove. The statute only requires a copy to be sent,—1, In case the pauper is removed under process, as by sec. 5, ch. 16; or,—2, In case the pauper is not removed within thirty days; sect. 11, ch. 16; so that, in case of a voluntary removal by the pauper, no copy would seem to be required.

But, admitting that it was the duty of the magistrates to send a copy of the order of removal before the expiration of the thirty days, it would still be unconscionable to hold these defendants liable,—having in good faith and with lawful purpose aided in an act lawful at the time,—for some neglect or omission of duty by others, over whom they had no control. *McManus* v. *Crickett*, 1 East 106. *Thomas* v. *Ross*, 8 Wend. 672.

There is another view of the subject, arising out of the phraseology of the section of the statute on which this action is founded. The words " if any person shall bring " &c., may be construed to mean a *compulsory* bringing, or a procurement of the bringing; and this is the only definition which can give the act a just and sensible effect. In this view the punishment is visited upon the *principal* actor, who *procures* and *prevails* on the pauper to remove. With this view, doubtless, it was held, in a prosecution under a

similar statute, in *Thomas* v. *Ross*, 8 Wend. 672, that common carriers, although within the letter, were not within the spirit of the statute.

The evils, apparently apprehended by the plaintiff to follow our views of the statute, are purely imaginary. The town of Morgan could not have been concluded by an order surreptitiously or fraudulently procured; *Masters* v. *Child*, 3 Salk. 66; *Tewksbury* v. *Twining*, 2 Botts' Poor Laws 1, 2; *Plymouth* v. *Windsor*, 7 Vt. 333; and are at liberty to contest the settlement of the pauper, if they see fit, upon that ground.

The opinion of the court was delivered by

REDFIELD, J. The only question raised in this case, which the court deem it necessary to decide, is, whether the defendants, who assisted the pauper to remove after an order had been regularly made, can be subjected to a penalty on that account. We think it very obvious that they cannot. The 25th section of the 16th chapter of the Revised Statutes, which gives the penalty, makes this exception, — that all persons removing poor and indigent persons, with intent, &c., are liable, if it is done " without an order for the removal of such poor person." Now we are not to suppose that the expression " order " was used as synonymous with *warrant*, and because the legislature did not distinguish the import of the two words ; for the terms are both used in the statute repeatedly, and with widely different and strictly marked and defined difference of signification. It was doubtless intended that no one should incur the penalty for removing any such person after the order was made.

The statute, section 4, provides that the justices making the examination " *shall order such stranger by a certain day, &c., to remove to his place of settlement.*" This is the order, and the only order, that exists in the case. It is made upon the pauper, and is intended to operate upon him ; and it is in vain to argue that it does not impose a superadded obligation upon such pauper to remove in obedience to the order. And if so, it is absurd to make either the pauper, or his assistants, liable for a penalty for obeying the order. The warrant to the officer is a distinct matter, and only issues in case of disobedience to the order. But it is manifest from the phraseology of the statute, as well as from the reason of the thing,

that it never could have been intended to make any one liable for assisting in removing a poor. person in obedience to an order of removal.

Any defect in the subsequent proceedings will not make that a ground of incurring the penalty, which was not so at the time the act was done.                                    Judgment affirmed.